United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41115
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GABRIEL MARTINEZ-VALEDEZ,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-1022-ALL
---------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Gabriel Martinez-Valedez (Martinez) pleaded guilty to an

indictment charging him with being found illegally in the United

States following a previous deportation.  Martinez challenges the

constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior

felony and aggravated felony convictions as sentencing factors

rather than elements of the offense that must be found by a jury

in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  The

Government contends that Martinez waived the right to assert this

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

question in his plea agreement.  We assume, arguendo only, that the waiver does not bar the instant appeal.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional.  Although Martinez contends that a majority of the Supreme Court would now consider Almendarez-Torres to be incorrectly decided in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Martinez concedes as much, but he raises the argument to preserve it for further review.  The judgment is AFFIRMED.